IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MOHAMMED A. SILLAH,** | ) | Civil Action No. 7:16cv00100 |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Norman K. Moon |
| **C. RATLEDGE,** | ) | United States District Judge |
| Respondent. | ) | |

Mohammed A. Sillah, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant 28 U.S.C. § 2241, challenging his loss of good conduct time ("GCT") after a disciplinary conviction. Respondent filed a motion for summary judgment, and Sillah responded, making this matter ripe for disposition.[1] For the reasons stated herein, I will grant respondent's motion for summary judgment.

**I.**

On August 9, 2013, Sillah was given a incident report that charged him with possession, manufacture, or introduction of a hazardous tool (a cell phone), in violation of Prohibited Act Code 108. Sillah admitted that he was guilty of the charge and was then notified that he would have a disciplinary hearing. Sillah chose not to have a staff representative or call any witnesses. A disciplinary hearing was conducted on August 22, 2013 and, relying on a staff report and Sillah's admission, the Disciplinary Hearing Officer ("DHO") found that Sillah committed the act charged. The DHO sanctioned Sillah with, *inter alia*, loss of 187 days of non-vested

---

[1] Respondent filed a motion to dismiss and attached affidavits and other documents, which I rely upon. Accordingly, I have converted respondent's motion to dismiss into a motion for summary judgment and given appropriate notice. Fed. R. Civ. P. 12(d).

("GCT").² Sillah received a copy of the DHO report on September 18, 2013 and appealed to no avail.

In his instant petition, Sillah acknowledges that he was guilty of the charged offense, but asserts that the loss of non-vested GCT was too harsh of a punishment based on "the facts and circumstances of this case."³ Sillah seeks restoration of the non-vested GCT.

## II.

Sillah does not allege any denial of due process in the manner in which his sanctions were imposed.⁴ Sillah asserts only that the sanction of forfeiture of 187 days of non-vested GCT was excessive.

A violation of Prohibited Act Code 108, Possession, Manufacture, Introduction, or Loss of a Hazardous Tool (specifically including a portable telephone), is listed as a Greatest Severity

---

² Sillah does not challenge any of the other sanctions imposed. The DHO imposed the following sanctions: disallowance of 40 days GCT; forfeiture of 187 days of non-vested GCT; 30 days disciplinary segregation; 30 days loss of commissary and visiting privileges; and 5 years loss of e-mail and phone privileges. The DHO documented that the sanctions were imposed because the action of any inmate to possess, manufacture, or introduce a hazardous tool into any correctional institution threatens the safety and security of the inmate and the entire institution. The DHO noted that inmates had previously used hazardous tools to affect escapes, seriously injure other inmates, and even to murder staff members. The DHO further noted that cell phones fall within the hazardous tool classification because they have been used to facilitate escapes, introduce contraband, and have allowed inmates to make contact with individuals on the outside for potentially illicit or illegal activities, without the knowledge of staff. The DHO stated that the sanctions were imposed to demonstrate the seriousness of the offense to Sillah and other inmates at the institution.

³ Sillah requests that the court show "compassion and consideration in modifying the DHO sanctions" because it was his first disciplinary offense; he was using the cellphone to "maintain family ties with his children," and not for criminal activity; he readily admitted his guilt and cooperated with the investigation; he has taken "considerable steps toward rehabilitation" by participating in various classes; and he has not since violated the rules.

⁴ The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Constitutional Amendment XIV § 1. "An inmate has a liberty interest in good time credit and no state may constitutionally deprive him of that good time credit without due process of law." *Moses v. Bledsoe*, No. 1:03cv149, 2004 U.S. Dist. LEXIS 28924, at *6, 2004 WL 3317657, at *2 (N.D.W. Va. 2004). Certain procedural safeguards apply when loss of statutory good time credit is at issue. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Due process protections under *Wolff* include: 1) advance written notice of the charges, 2) a hearing before an impartial decision maker, 3) the opportunity to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, 4) an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex, and 5) a written decision setting forth the evidence relied upon and the reasons for the disciplinary action. *Id.* at 563-71. In this case, Sillah was afforded due process in accordance with *Wolff*.

2

Level Prohibited Act under the appropriate regulation. *See* 28 C.F.R. § 541.3(b) and Table 1. The sanctions that may be imposed upon a finding of guilt for a Greatest Severity Level Prohibited Act include: (1) recommend parole date rescission or retardation; (2) forfeit and/or withhold earned statutory good time or non-vested good conduct time (up to 100%) and/or terminate or disallow extra good time; (3) disallow ordinarily between 50% and 75% (27-41 days) of good conduct time credit available for year; (4) disciplinary segregation (up to 12 months); (5) make monetary restitution; (6) monetary fine; (7) loss of privileges (visiting, telephone, commissary, movies, recreation); (8) change of housing; (9) removal from program and/or group activity; (10) loss of job; (11) impound inmate's personal property; (12) confiscation of contraband; (13) restriction to quarters; and (14) extra duty. *Id.*

Sillah's loss of 187 days of non-vested GCT was within the allowed range of sanctions available under the Code of Federal Regulations and the DHO explained why the sanctions were imposed. Moreover, other courts have determined that a greater loss of non-vested GCT for the same violation with a cell phone was not excessive. *See, e.g., Wheeler v. Perdue*, No. 1:14-cv-36, 2015 U.S. Dist. LEXIS 8992, at *4, 2015 WL 366412, at *2 (N.D. W.Va. Jan. 27, 2015) (forfeiture of 324 days of non-vested GCT for a Code 108 violation, possession of a cell phone, was not harsh and was within those sanctions authorized under BOP regulations); *Morris v. Wilson*, No. 3:11-cv-360, 2012 U.S. Dist. LEXIS 24850, at *12-13, 2012 WL 628612, at *4 (E.D. Va. Feb. 27, 2012) (sanction of forfeiture of 472 days of non-vested GCT for a Code 108 violation, for possession of a cell phone, was within the range specified by the Code of Federal Regulations and not excessive); *Gonzalez v. Lapping*, No. 4:10-cv-1144, 2010 U.S. Dist. LEXIS 77165, at *9, 2010 WL 3001952, at *3-4 (N.D. Ohio July 30, 2010) (sanction of forfeiture of 216 days non-vested GCT for Code 108 violation, possession of a cell phone, was squarely within the

3

sanctions available to the DHO and clearly authorized by BOP regulation). Based on the forgoing, I conclude that Sillah's loss of 187 days of non-vested GCT was not excessive and his argument is without merit. Accordingly, I will grant respondent's motion for summary judgment.

    ENTER: This 28th day of November, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

4

Case 7:16-cv-00100-NKM-RSB   Document 11   Filed 11/28/16   Page 4 of 4   Pageid#: 57